UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

FRANCISCO COLON JR.,                                    08 CV 00182 (PAC)(GWG)

                        Plaintiff,
                                                        STATEMENT OF
                                                        COMPLIANCE WITH
-against-                                               LOCAL RULE 81.1(b)

ALBERT FRANCO,

                        Defendant.
-------------------------------------------------------------------X

        Pursuant to Local Rule 81.1(b) of the Southern District of New York, the undersigned
attorneys of record for defendant, ALBERT FRANCO, annex hereto and file herewith a
complete copy of the records on file with the New York State Supreme Court, County of Bronx
under Index Number 18786/07.

Dated: New York, New York
        January 14, 2008

                                        By:  MAURIZIO SAVOIARDO (MS-6918)

                                        Law Offices of
                                        ZAWACKI, EVERETT & GRAY
                                        Attorneys for Defendant
                                        116 John Street, Suite 1214
                                        New York, NY  10038
                                        (212) 732-3377

TO:    LAW OFFICES OF NELLY STOTLAND & ASSOCIATES, P.C.
       Attorneys for Plaintiff
       118-21 Queens Blvd., Suite 404
       Forest Hills, NY  11375
       (718) 261-0133

# Case Summary

Date: <u>11/26/2007</u>
Part: <u>PC</u>

**0018786/2007**

**COLON,FRANCISCO JR.**

**vs.**

**FRANCO,ALBERT**

===============================================================

Assigned Justice:        **PAUL VICTOR (2)**

Attorney for Plaintiff:    **NELLY STOTLAND & ASSOCIATES**
Attorney for Defendant:    **ZAWACKI,EVERETT & ASSOCS.**

Complexity:        **Standard**
Action Type:        **MOTOR VEHICLE**

RJI Filing Date:    11/1/2007

PC to be held by:    **12/16/2007**

PC Held:

CC to be held by:    **8/27/2008**

Discovery Due Date:    **10/31/2008**

NOI Filing Date:

Case Status:        **Active**

Open Motion:        _____

                    _____

                    _____

            (If open motion indicator, "Y", is displayed, please indicate
            nature and submission date of motion.)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Calendar # __8__
325 (d)_____

-------------------------------------------------x

FRANCISCO COLON Jr.

Plaintiff(s),

- against -

ALBERT FRANCO

Defendant(s),

**PRELIMINARY CONFERENCE ORDER**
Pursuant to Part 202 of the Uniform Civil
Rules for the Supreme Court

HON. ___TUIH___

Preliminary Conference Part
Index Number __018786/07__
Conference Date __11/26/07__

-------------------------------------------------x

**APPEARANCES:**

**Plaintiff:** COLON
Firm: Molly Stolfad Assoc
By Attorney: _____    Phone: 718 261 0133
Carrier: _____ Phone: _____ Coverage Amount: _____

**Defendant 1:** ALBERT FRANCO
Firm: ZWACK, EVERETT GRAY
By Attorney: Maurizia Saudaro    Phone 212 732-8377
Carrier: NJM  Phone: _____ Coverage Amount: 300,000

**Defendant 2:** _____
Firm: _____
By Attorney: _____    Phone: _____
Carrier: _____ Phone: _____ Coverage Amount: _____

**Defendant 3:** _____
Firm: _____
By Attorney: _____    Phone: _____
Carrier: _____ Phone: _____ Coverage Amount: _____

*(left margin handwritten notes:)* LMNG / J. Torrnenscus / N/S / Wll injured / on the cal SA / CC 7 3258?

**I   INSURANCE COVERAGE:**   ☑ ✓ To be furnished within __30__ days.

**II   BILL OF PARTICULARS:**

☐1.  Not submitted: Bill of Particulars to be served by _____
_____

☑2.  Served:    ☐2(a). Satisfactory    ☑2(b). Unsatisfactory
☑3.  Supplemental bill of particulars to be served  SEE ATTACHED
☐4.  Bill of particulars for affirmative defenses to be served

_____
_____

**III   MEDICAL REPORTS AND HOSPITAL AUTHORIZATIONS:**

☐1.  Furnished (Except:_____
☑2.  Medical reports or authorizations for records to be served— to the extent not
☑3. ✓ Hospital authorizations to be served    already provided
30 days 1 extent not already
already provided

**IV   PHYSICAL EXAMINATION:**

☐1(a).  Held    ☐1(b). Waived
☑1(c).  Examination of  11
To be held  w/in 60 days of deposition as
Defendant to designate physician(s) within 21 days of plaintiff's EBT
☐2(a).  Physician's report furnished
☑2(b).  Copy of physician's report to be furnished to plaintiff

PRELIMINARY CONFERENCE ORDER                                      Page 2 of 3

**V    EXAMINATION BEFORE TRIAL:**

☐ 1.    ☐ Plaintiff    ☐ Defendants    ☑ All parties

☑ 2.    To be held at _Courthouse or agreed upon_
Date: _3/19/07_    Time: _10 am_ _Location_

☐ 3.    Held (Except: _____)    ☐ Waived

**VI   OTHER DISCLOSURE:**

☐ 1.    None

☑ 2.    All parties to exchange names and addresses of all witnesses, opposing parties' statements, and photographs. If none, an affirmation to that effect shall be exchanged.

☐ 3.    Authorizations for plaintiff's employment records (IRS) including W-2 for period _+ Attendance Records_

☐ 4.    _+ Payroll Records for 2006 to present_
_π to respond to Δ's demand for total amount of damages claimed_

☐ 5.    To be completed within _30 days_
_6. Δ to respond to its combined demands and DJ dated 10/4/07 within_ _60_ _days of this order_ _30 days of this order_

**VII   IMPLEADER ACTIONS:**    ☐ 1(a). None    ☐ 1(b). To be commenced _____ days after all EBT's.

**VIII  DESIGNATED FOR TRANSFER:**    ☐ 1(a). CPLR 325 (c)    ☐ 1(b). CPLR 325 (d)

**IX   ADDITIONAL DIRECTIVES:**    ☐    See attached page for additional directives

**X    ALL PARTIES:**    Are directed to complete discovery on or before _5/22/08_
and appear for a compliance conference on _5/22/08_

Any statutory stays of disclosure due the pendency of motions pursuant to CPLR 3211, 3212 and 3213 are vacated.

Counsel will be required to justify, at the Compliance Conference, failure to adhere to the discovery schedule set forth herein.

In the event of non-compliance, costs or other sanctions may be imposed.

This constitutes the decision and order of this court.

Dated: _11/26/07_    Enter: _____
                                        J.S.C.
                                        Alison Y. Tuitt, J.S.C.

Parties must adhere to all dates contained herein relating to the completion of items in this order. Counsel may not enter into any adjournments without further order of this court.

SC NO 8A Rev. 12/0404

# DISCOVERY ORDER

PS 3 of 3

**X.  ADDITIONAL DIRECTIVES:**

(1) π to provide supplemental BP as to Δ's demand items Numbered 18, 19, 23 (as to PD 16 claimed) & 25

(2) π to respond to Δ's DHI demands Numbered 13, 19

(3) π to provide authorization(s) for pharmacy prescription records for injuries sustained in this accident only.

(4) π to provide authorization for union records for lost benefits, if claimed, as a result of the accident

**X.  ADDITIONAL DIRECTIVES**

SC. NO. 8F (Rev. 2/86)

*Bella*

# REQUEST FOR JUDICIAL INTERVENTION

SUPREME COURT OF STATE OF NEW YORK
COUNTY OF BRONX

INDEX NO. 18786/07
DATE PURCHASED: 8/21/07

FOR CLERK ONLY (MU 10/31)

PLAINTIFF(S):     FRANCISCO  COLON JR.

IAS ENTRY DATE

PAUL A. VICTOR
Justice

DEFENDANT(S):   ALBERT FRANCO

JUDGE ASSIGNED

Date issued joined: September 10, 2007     Bill of Particulars served (Y/N): [X] Yes     [ ] No

RJI DATE **NOV 0 2 2007**

**NATURE OF JUDICIAL INTERVENTION** (Check **ONE** box only **AND** enter information)

[x] Request for preliminary conference

[ ] Note of issue and/or certificate of readiness

[ ] Notice of motion (return date:_____)
     Relief sought_____

[ ] Order to show cause
     (clerk enter return date:_____)
     Relief sought_____

[ ] Other ex parte application (specify:
_____)

[ ] Notice of petition (return date:_____)
     Relief sought_____

[ ] Notice of medical or dental malpractice
     action (specify:_____)

[ ] Statement of net worth

[ ] Writ of habeas corpus

[ ] Other (specify:_____
_____)

**NATURE OF ACTION OR PROCEEDING**          (Check **ONE** box only)

**MATRIMONIAL**
[ ] Contested                              -CM
[ ] Uncontested                           -UM

**COMMERCIAL**
[ ] Contract                              -CONT
[ ] Corporate                             -CORP
[ ] Insurance (where insurer is a party,
     except arbitration)                   -INS
[ ] UCC (including sales,
     negotiable instruments)               -UCC
[ ] *Other Commercial                     -OC

**REAL PROPERTY**
[ ] Tax Certiorari                        -TAX
[ ] Foreclosure                           -FOR
[ ] Condemnation                          -COND
[ ] Landlord/Tenant                       -LT
[ ] *Other Real Property                  -ORP

**OTHER MATTERS**
[ ] *_____                      -OTH

**MALPRACTICE**
[ ] Medical/Podiatric                     -MM
[ ] Dental                                -DM
[ ] * Other Professional                  -OPM

[x] Motor Vehicle                         -MV
[ ] * Products Liability                  -PL

[ ] Environmental                         -EN
[ ] Asbestos                              -ASB

[ ] *Other Negligence                     -OTN

[ ] *Other Tort (including
     intentional)                         -OT

**SPECIAL PROCEEDINGS**
[ ] Art. 75 (Arbitration)                 -ART75
[ ] Art. 77 (Trusts)                      -ART77
[ ] Art.78                                -ART78
[ ] Election Law                          -ELEC
[ ] Guardianship(MHL Art. 81)             -GUARD81
[ ] *Other Mental Hygiene                 -MHYG
[ ] *Other Special Proceeding             -OSP

**TORTS**
Check " YES or " NO" for each of the following questions:

Is this action/ proceeding against a

| YES | NO | | YES | NO |
|---|---|---|---|---|
| [ ] | [x] Municipality: | | [ ] | [x] Public Authority: |
| | (Specify_____) | | | (Specify_____) |

| YES | NO | |
|---|---|---|
| [ ] | [x] | Does this action/ proceeding seek equitable relief? |
| [x] | [ ] | Does this action/ proceeding recovery for personal injury? |
| [ ] | [x] | Does this action/ proceeding seek recovery for property damage? |

Pre-Note time Frames:
(This applies to all cases except contested matrimonials and tax certiorari cases)

Estimated time period for case to be ready for trial (from filing of RJI to filing of Note of Issue):

[ ] Expedited: 0-8 months    [x] Standard: 9-12 months    [ ] Complex: 13-15 months

Contested Matrimonial Cases Only:   (Check and give date)
Has summons been served?           [ ] No          [ ] Yes, Date_____
Was notice of No Necessity filed?    [ ] No          [ ] Yes, Date_____

ATTORNEY (S) FOR PLAINTIFF (S)

| Self Rep* | Name | Address | Phone # |
|---|---|---|---|
| [ ] | LAW OFFICE OF NELLY STOTLAND & ASSOCIATES, P.C. | 118-21 Queens Blvd, Ste 404 Forest Hills, NY 11375 | (718) 261-0133 |
| [ ] | | | |

ATTORNEY (S) FOR DEFENDANT (S):

| Self Rep* | Name | Address | Phone # |
|---|---|---|---|
| [ ] | ZAWACKI, EVERETT, & GRAY | 116 John Street, Ste. 1214 New York, NY 10038 | (212) 732-3377 |
| [ ] | | | |
| [ ] | | | |

*Self Represented: parties representing themselves, without attorney, should check the "Self Rep." box and enter their name, address and phone # in the space provided above for attorneys.
INSURANCE CARRIERS:
New Jersey Manufacturers Insurance Company

RELATED CASES: (IF NONE, write "NONE" below)
Title            Index #          Court          Nature of Relationship
NONE

        I AFFIRM UNDER THE PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED
ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR
JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated:    Queens, NY
          October 30, 2007          _____
                                    (SIGNATURE)

                                    NELLY STOTLAND
                                    (PRINT OR TYPE NAME)

                        LAW OFFICE OF NELLY STOTLAND & ASSOC., P.C.
                        ATTORNEYS FOR PLAINTIFF

        ATTACH RIDER SHEET IF NECESSARY TO PROVIDE REQUIRED INFORMATION

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------------------X
FRANCISCO COLON JR.,

                          **REQUEST FOR**
                          **PRELIMINARY**
             **Plaintiff(s),**       **CONFERENCE**


                          **INDEX NO.: 18786/07**

  **ALBERT FRANCO,**

             **Defendant(s)**         **NOV 0 2 2007**
-----------------------------------------------------------------------------------X
                          PAUL A. VICTOR
                            Justice

The undersigned requests a Preliminary Conference.
The nature of the action is PERSONAL INJURY.
The names, addresses and telephone numbers of all attorneys appearing in the action are as
follows:

**NELLY STOTLAND & ASSOCIATES, P.C.**
Attorneys for Plaintiff(s)
FRANCISCO COLON JR.
118-21 Queens Blvd, Ste 404
Forest Hills, NY 11375
(718) 261-0133

Zawacki, Everett, & Gray
Attorneys for Defendant
**Albert Franco**
116 John Street, Ste. 1214
New York, NY 10038
(212) 732-3377

Dated:  October 30, 2007

FILED

NOV  8 2007

BRONX COUNTY CLERK'S OFFICE

               Your, etc.

               _____
               Nelly Stotland, Esq.
               **NELLY STOTLAND & ASSOCIATES, P.C.**
               Attorneys for Plaintiff(s)
               118-21 Queens Blvd, Ste 404
               Forest Hills, NY 11375

STATE OF NEW YORK
COUNTY OF QUEENS ss.:

I, Juliana Varela, being sworn, say, I am not a party to this action, am over 18 years of age and reside in Queens, New York.  On October 30, 2007, I served by mail the within:

**REQUEST FOR JUDICIAL INTERVENTION**
**REQUEST FOR PRELIMINARY CONFERENCE**

By depositing a true copy thereof, enclosed in a post-wrapper, in a official, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, address to:

Zawacki, Everett, & Gray
Attorneys for Defendant
**Albert Franco**
116 John Street, Ste. 1214
New York, NY 10038

Juliana Varela

Sworn before the on October 30, 2007

Notary Public

NELLY STOTLAND
NOTARY PUBLIC-STATE OF NEW YORK
No. 02ST6085943
Qualified in Nassau County
My Commission Expires January 13, 2011

# APPLICATION FOR INDEX NUMBER
Pursuant to Section 8018 (a) Civil Practice Law and Rules



Index No: 16286-2007/
*18786/07*
Due         $210.00
Rcvd        $210.00
Change      $0.00

## FEE: $ 210.00

Date    Time        User
08/21/07  12:17:15 PM  FCHIAIA

**INITIAL** _____

## SUPREME: BRONX COUNTY

FULL TITLE OF ACTION OR PROCEEDING ( *Please type or print* )      1ST PARTY



*Francisco Colon Jr.*
 Plaintiff

FILED

AUG 2 1 2007

vs.

*Albert Franco*
 Defendant

BRONX COUNTY CLERK'S OFFICE

 Third Party ( *If applicable* )

---

*Application for Index Number filed by:*      ☐ *Plaintiff*    ☐ *Defendant*

*Is this action for a provisional remedy, no action pending?*      ☐ *Yes* ☐ *No*

*Type of Action:*      ☐ *Tort*      ☑ *Motor Vehicle*    ☐ *Other-Personal Injury*
 ☐ *Contract*
 ☐ *Commercial*
 ☐ *Matrimonial*      ☐ *Contested*      ☐ *Uncontested*
 ☐ *Tax Certiorari*
 ☐ *Other* (Please Indicate)

---

For Plaintiff or Petitioner:      Name: *Nelly Stofland, Esq.*
 Address: *118-21 Queens Blvd.*
 Town Zip: *Forest Hills, NY   11375*
 Telephone Number: *718-261-0133*

For Defendant or Respondent:      Name: _____
 Address: _____
 Town Zip: _____
 Telephone Number: _____

If you would like a receipt mailed to you. Please provide a self-addressed stamped envelope.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------------------X

FRANCISCO COLON JR.,                                    Index No.: 18786/07

                Plaintiff,

-against-                                                        **VERIFIED ANSWER**

ALBERT FRANCO,

                Defendant.

------------------------------------------------------------------------X

        Defendant, ALBERT FRANCO, by his attorneys, the Law Offices of ZAWACKI,

EVERETT & GRAY, answering the complaint of the plaintiff herein, respectfully alleges upon

information and belief as follows:

        1.      Denies knowledge and information sufficient to form a belief as to the

allegations contained in the paragraph of the complaint designated "1".

        2.      Admits the allegations contained in the paragraphs of the complaint designated

"2", "3", "4", "5", "7" and "8".

        3.      Denies each and every allegation contained in the paragraphs of the complaint

designated "6", "14" and "15", respectfully referring all questions of law to the Court for

decision at the time of trial.

        4.      Denies each and every allegation contained in the paragraphs of the complaint

designated "9", "10", "11", "12" and "13".

## AS AND FOR A FIRST AND COMPLETE AFFIRMATIVE DEFENSE

        Any damages or injuries sustained by the plaintiff came about as a result of his

culpable conduct as defined in CPLR Section 1411, Article 14-A, and any recovery on the part

of the plaintiff shall be diminished in accordance with the guidelines set forth in that article.

<u>AS AND FOR A SECOND AND COMPLETE AFFIRMATIVE DEFENSE</u>

Plaintiff's injuries were caused in whole or in part by his failure to utilize seat belts at the time of the accident.

<u>AS AND FOR A THIRD AND COMPLETE AFFIRMATIVE DEFENSE</u>

Plaintiff is barred from bringing this action by reason of the provisions of the Comprehensive Automobile Insurance Reparations Act, Insurance Law, Article 51, Section 5102D.

<u>AS AND FOR A FOURTH AND COMPLETE AFFIRMATIVE DEFENSE</u>

The plaintiff herein is not entitled to recovery by reason of his failure to mitigate damages.

<u>AS AND FOR A FIFTH AND COMPLETE AFFIRMATIVE DEFENSE</u>

Pursuant to CPLR 4545(c), if it be determined or established that plaintiff has received or with reasonable certainty shall receive the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, and that the same shall be replaced or indemnified, in whole or in part from any collateral source such as insurance (except for life insurance), social security (except for those benefits provided under Title XVIII of the Social Security Act), workers compensation or employee benefit programs (except such collateral sources entitled by law to liens against any recovery of the plaintiff), then and in that event defendant hereby pleads in mitigation of damages the assessments of any such cost or expense as a collateral source in reduction of the amount of the award by such replacement or indemnification, minus an amount equal to the premiums paid by the plaintiff for such benefits for the two-year period immediately preceding the accrual of this action and

2

minus an amount equal to the projected future cost to the plaintiff of maintaining such benefits and as otherwise provided in CPLR 4545(c).

WHEREFORE, defendant, ALBERT FRANCO, demands judgment dismissing plaintiff's complaint against him, together with the costs and disbursements of this action, and for any expense incurred by him in the defense thereof, including attorneys' fees.

Dated: New York, New York
        September 10, 2007

By: MAURIZIO SAVOIARDO

Law Offices of
ZAWACKI, EVERETT & GRAY
Attorneys for Defendant
116 John Street, Suite 1214
New York, NY 10038
(212) 732-3377

TO:    LAW OFFICES OF NELLY STOTLAND & ASSOCIATES, P.C.
       Attorneys for Plaintiff
       118-21 Queens Blvd., Suite 404
       Forest Hills, NY 11375
       (718) 261-0133

3

STATE OF NEW YORK    )
                     )
COUNTY OF NEW YORK   )

MAURIZIO SAVOIARDO, an attorney admitted to practice in the Courts of the State of New York, states:

He is a member of the Law Offices of ZAWACKI, EVERETT & GRAY, attorneys for defendant, ALBERT FRANCO, that he has read the foregoing ANSWER and knows the contents thereof; that the same is true to his own knowledge, except as to the matters therein stated to be alleged on information and belief and that as to those matters he believes it to be true.

Deponent further says that the reason this verification is made by him and not by the defendant is that the defendant does not reside in the County where his attorneys maintain their office.

That the sources of deponent's information and the grounds of his belief as to all the matters in said ANSWER not stated of his own knowledge are papers, records and correspondence of said defendant in deponent's file.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated:  New York, New York
        September 10, 2007

                                                MAURIZIO SAVOIARDO

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

----------------------------------------------------------------------X

FRANCISCO COLON JR.,                             Index No.: 18786/07

                          Plaintiff,

                                                 DEMAND FOR A
     -against-                                   VERIFIED BILL OF
                                                 PARTICULARS
     ALBERT FRANCO,

                          Defendant.

----------------------------------------------------------------------X

C O U N S E L O R S :

     PLEASE TAKE NOTICE, that pursuant to Sections 3041, 3042, 3043 and 3044 of the Civil

Practice Law and Rules, you are hereby required to serve upon the undersigned a verified bill of

particulars pursuant to the following demand within thirty (30) days hereof, under penalty of

preclusion.

1.     State the date and time of the occurrence.

2.     (a)    State the exact location of the occurrence.

       (b)    If an automobile accident, state the street or streets, including reference to

intersections, crosswalks, corners or curbs where necessary; to accurately locate the place.

3.     (a)    Give all possible details of the occurrence.

       (b)    What was the color of the traffic light at the intersection where the accident

occurred?

4.     State all the acts and/or omissions constituting the negligence claimed.

5.     State any and all laws, rules, regulations and ordinances that are claimed to be either

applicable to the occurrence or to have been violated by the defendant.

6.     (a)    Is notice claimed?

(b)     If so, whether actual or constructive notice is claimed.

7.     (a)     If actual notice is claimed, state when, where and to whom such notice was given, and whether such notice was oral or in writing.

(b)     If constructive notice is claimed, state accurately the period of time it is claimed the negligent condition existed.

8.     State the nature and extent of all injuries claimed.

(a)     If it is claimed that the incident in question exacerbated and/or aggravated any physical condition of the plaintiff, set forth specifically each and every physical condition it is claimed was exacerbated and/or aggravated and set forth the names and addresses of each and every physician who treated or examined the plaintiff for such condition <u>prior to</u> the date of the incident herein.

9.     Specify those injuries claimed to be permanent.

10.     Accurately state length of time confined to bed.

11.     Accurately state length of time confined to home.

12.     Set forth the names and addresses of each and every physician who treated or examined the plaintiff setting forth the dates of each such treatment or examination resulting from the instant occurrence.

13.     State name of each and every hospital, clinic or institution where any treatment or examination was rendered and length of time, if any, confined there.

14.     State nature of employment and hours of work.

15.     State name and address of employer at the time of the accident and at the present time, if there is any change.

16.     State length of time incapacitated from employment.

17.     If self-employed, state nature of self-employment and business address.

2

18.    State total amounts claimed as loss of earnings, including detailed statement as to how such lost earnings were computed.

19.    State total and exact amounts claimed as special damages for:

    (a)  physicians' services
    (b)  medical expenses
    (c)  nurses' expenses
    (d)  hospital expenses
    (e)  other (specify)

20.    Particularize the total payment from each and every collateral source to date for the following:

    (a)  hospitalization
    (b)  medical care
    (c)  dental care
    (d)  nurses' services
    (e)  loss of earnings
    (f)  funeral and burial expenses
    (g)  other economic loss (specify)

21.    Set forth in what respect plaintiff sustained a serious injury, as defined in subdivision four of the Insurance Law, Section 5102.

22.    State the residence address of plaintiff at the time of the accident and at the present time.

23.    Give an itemized statement of damages alleged to have been done and the costs of repairing each item.

24.    State the plaintiff's date and place of birth.

25.    State the plaintiff's social security number.

3

PLEASE TAKE NOTICE, that if the above demand is not complied with within thirty (30)

days, an application will be made to preclude the plaintiff from giving any evidence thereof upon

the trial of this action, pursuant to the aforementioned sections of the Civil Practice Law and Rules.

Dated: New York, New York
         September 10, 2007


By:  MAURIZIO SAVOIARDO

Law Offices of
ZAWACKI, EVERETT & GRAY
Attorneys for Defendant
116 John Street, Suite 1214
New York, NY  10038
(212) 732-3377


TO:    LAW OFFICES OF NELLY STOTLAND & ASSOCIATES, P.C.
        Attorneys for Plaintiff
        118-21 Queens Blvd., Suite 404
        Forest Hills, NY  11375
        (718) 261-0133

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---------------------------------------------------------------------X

FRANCISCO COLON JR.,                                         Index No.: 18786/07

                              Plaintiff,

                                                             DEMAND FOR
       -against-                                             PRODUCTION

ALBERT FRANCO,

                              Defendant.

---------------------------------------------------------------------X

C O U N S E L O R S :

       Defendant, ALBERT FRANCO, by his attorneys, the Law Offices of ZAWACKI,
EVERETT & GRAY, demands the following:

       Demand is hereby made that you supply the items numbered below:

       Place of Discovery:        Law Offices of
                                  ZAWACKI, EVERETT & GRAY
                                  116 John Street, Suite 1214
                                  New York, NY 10038

       Date of Discovery:         October 2, 2007

[1]    The names and addresses of all persons known or claimed to have either witnessed
       the incident or to have first-hand knowledge of its occurrence, whether obtained at
       the site of the incident or thereafter obtained by investigation. The names and
       addresses of all persons known or discovered through investigation who have any
       knowledge of the condition of the site of the incident and/or if notice (actual or
       constructive) is an issue, any witness who will offer any testimony concerning such
       notice. The names and addresses of all persons known or discovered through
       investigation who will be called to testify as to any alleged admissions made by or
       on behalf of any party serving this notice. If no such persons are known, so state in
       reply to this demand. The undersigned will object at the time of trial to the
       testimony of any person not so identified. Zellman v. Metropolitan Transportation
       Authority, 40 App. Div.2d 248, 339, N.Y.S.2d, 255; Zayas v. Morales, 45 A.D.2d
       610, 360 N.Y.S.2d, 279. If names and addresses of any of the witnesses demanded
       herein are obtained subsequent to the service of this notice, this information is to be
       furnished to the undersigned whenever obtained. The undersigned will object at the
       time of trial to the testimony of any persons not so identified.

[2]    Pursuant to CPLR 3101(d), identify each person whom any party expects to call as an expert witness at trial disclosing in detail:

    (a)    The name(s) and address(es) of each expert;

    (b)    The occupation and field of specialization, discipline, or study in which the witness(es) is to be offered as an expert;

    (c)    The year(s) of each expert's experience;

    (d)    A summary of the expert's qualifications within the field, including: (i) professional society or organizational membership in the expert's area of expertise; (ii) specification of the expert's skill, training, education and experience, including the extent of said expert's education and listing of said expert's place of education; and (iii) set forth whether said expert is board certified and, if so, in what field(s).

    (e)    The subject matter on which each expert is expected to testify;

    (f)    The substance of the facts and opinions on which each expert is expected to testify; and,

    (g)    A summary of the grounds for each expert's opinion including the production of all documents, reports, test results, x-rays, etc., which were seen or reviewed by the expert(s) prior to the formation of the expert's opinion and which relate to the formation of the opinion of the expert.

This demand is a continuous demand and in the event a party retains an expert after the service of this demand and prior to the commencement of trial, the above items are to be furnished to this office pursuant to this demand or be precluded from introducing the expert's testimony at trial.

[3]    Photocopies of any and all accident reports, incident reports, occurrence reports, statements or other type of written or printed documents concerning the circumstances of this accident prepared by or on behalf of any party to this action.

[4]    Any statement given by or on behalf of any party serving this notice.

[5]    All photographs, motion pictures and/or videotapes alleged to represent the scene of the accident, the alleged condition noted within the complaint, the parties or instrumentalities at the time of the incident whether in the possession of plaintiff, defendant, attorneys, or in the possession and control of any agent, servant and/or employee of same.

2

[6]    Photographs taken of any vehicle(s) involved showing the extent of damage, if any, following the accident herein. Moore v. Kaminsky, (L/J/, 12-2-75); Wolken v. E.W. Howell Co., 41 A.D. (2) 545.

[7]    Photocopies of all repair estimates, repair bills, replacement estimates, and replacement bills concerning all property claimed damaged in, or as a result of, the occurrence.

[8]    If repair or replacement bills or estimates were prepared of the property claimed damaged in the occurrence, but copies of the same are not in your possession, then provide duly executed and properly addressed HIPAA compliant authorizations to enable the undersigned to obtain copies of the same directly from the liability carrier or other person or entity in possession of them.

[9]    Any contracts, leases or documents relied upon with respect to the claim.

[10]   A HIPAA compliant authorization to obtain the records of each hospital, institution or clinic where plaintiff was confined or treated as a result of the accident or for any prior or subsequent similar condition.

[11]   Copies of all medical reports and bills of physicians who treated, examined or saw the plaintiff herein for the condition, injury or infirmity for which damages are sought in this action or any prior or subsequent related condition, infirmity or injury, whether or not the physician will testify at the time of trial. You are also required to identify those x-rays and technician's reports which will be offered at the trial, including any reports concerning a prior related condition. If the mental condition of the plaintiff is an issue in the within case, or if the case involves alleged wrongful death, copies of all psychiatric records of the injured or deceased party are demanded.

[12]   HIPAA compliant authorizations to enable the undersigned to obtain THE COMPLETE OFFICE RECORDS AND X-RAYS of any and all doctors who treated, examined or saw the plaintiff herein for the condition, injury or infirmity for which damages are sought in this action or any prior or subsequent related condition, injury or infirmity, whether or not the physician will testify at the time of trial. Rodriguez v. Ryder Truck, 474 N.Y.S.2d 744 (1st Dept. 1984); Pizzo v. Bunora, 454 N.Y.S.2d 455 (2d Dept. 1982); Ryan v. Haskell, 448 N.Y.S.2d 562 (3d Dept. 1982); Hostler v. Tonawanda, 480 N.Y.S.2d 654 (4th Dept. 1984); Cf. Cynthia B. v. New Rochelle Hospital Medical Center, 470 N.Y.S.2d 122 (Ct. App. 1983).

[13]   Duly executed and properly addressed HIPAA compliant authorization to enable the undersigned to obtain a copy of the ambulance call sheet from the New York City Emergency Medical Center.

3

[14]    Duly executed and properly addressed HIPAA compliant authorizations bearing the appropriate file number(s) to enable the undersigned to obtain a copy of the entire Workers' Compensation and/or disability file of the plaintiff relating to injuries alleged to have resulted from, or been aggravated by, the instant accident.

[15]    Duly executed and properly addressed HIPAA compliant authorizations bearing the appropriate file number(s) to enable the undersigned to obtain a copy of the entire No-Fault file of the plaintiff relating to injuries alleged to have resulted from, or been aggravated by, the instant accident, including application for benefits, verification of treatment by attending physicians, verification of treatment by hospitals, verification of lost wages (employers forms and/or self-employment forms), denial notices of any benefits, notices of arbitration, etc., etc.

[16]    Provide original duly executed and properly addressed HIPAA compliant authorization permitting this defendant to obtain the record(s) of every collateral source payment that the plaintiff is entitled to receive or will be entitled to receive from any source, including but not limited to insurance, social security, dependent benefits, paid sick leave, disability allowance, retirement allowance, workers' compensation and employment benefits for any economic loss including but not limited to:

(a) hospitalization;
(b) medical care;
(c) dental care;
(d) nurses' services;
(e) loss of earnings;
(f) funeral and burial expenses; and
(g) other economic loss (specify).

[17]    Duly executed and acknowledged written HIPAA compliant authorizations to enable the undersigned to obtain complete pharmacy or drug store records with respect to any drugs prescribed for plaintiff from one year prior to the occurrence described in the complaint to the present date.

[18]    Duly executed and properly addressed HIPAA compliant authorizations bearing the appropriate employee number to enable the undersigned to obtain plaintiff's employment records from the two years preceding the accident to date, including attendance records, sick leaves, payroll records, nurses' records and reports, reports of physical examinations, employee evaluations, changes of assignment or duties, etc., etc.

[19]    If lost earnings are claimed, furnish federal and state income tax returns covering the year of loss and two years prior and one year subsequent.

4

[20]    If applicable, duly executed and properly addressed HIPAA compliant authorization to enable the undersigned to obtain a copy of plaintiff's school records for two years prior to the date of the accident to date. Said authorizations shall permit the undersigned access to, but not limited to, all nurses' records and reports, records and reports of any physicians, class schedules, attendance records and reports, gym class records, physical fitness reports, grade reports, extra curricular activities, etc., etc.

[21]    Any and all information regarding excess liability coverage over and above aforesaid policy limits in effect on the aforementioned date, specifically the names of carriers, policy numbers, amount of excess coverage.

[22]    An entire copy of each liability insurance policy.

[23]    All pleadings heretofore served in this action.

[24]    Copies of all depositions previously held in this action.

[25]    If a physical examination or testimony was given before any administrative body, or in any hearing, trial or examination before trial to which the undersigned defendant was not an attending party, involving the alleged occurrence herein, furnish a full and complete record of any such testimony or physical examination report; or proper authorization to obtain same, if not yet received.

[26]    The name and address of any other attorney who has appeared in this action.

[27]    Copies of all D & I responses forwarded to other parties in this action.

[28]    If a wrongful death claim is involved, furnish a copy of the decedent's death certificate, the letters of administration or executorship, the will, if any, and the autopsy report, if any (or authorization for same if it is not in plaintiff's possession), the birth certificate of the decedent, the spouse and any dependents.

[29]    If a claim for loss of services is involved, supply a copy of the marriage certificate with regard to any spouse who is a party to this action, and any divorce or separation decree, and if an infant is involved, the infant's birth certificate.

[30]    If the plaintiff possessed an automobile telephone for the vehicle which was involved in the accident, or a cellular phone which was on the person of the plaintiff or in the vehicle of the plaintiff at the time of the accident, and said telephone, as applicable, was operational on the date of the accident, then demand is hereby made for the automobile telephone/cellular telephone records for the date of the alleged occurrence.

5

[31]    If plaintiff has sustained prior injury to any portions of his body being claimed as injured in this action, then with respect to any such prior injury, state the portion of the body involved and provide the following:

A.    PRODUCE HIPAA compliant authorizations to enable the undersigned to obtain the records of each hospital, institution, or clinic where plaintiff was confined or treated as a result of the prior injury described above;

B.    PRODUCE HIPAA compliant authorizations to enable the undersigned to obtain THE COMPLETE OFFICE RECORDS and X-RAYS, CT-SCANS, MRI FILMS, ETC. of any and all doctors and/or therapists who treated examined, or saw plaintiff herein for the prior injury described above;

C.    PRODUCE HIPAA compliant authorizations to enable the undersigned to obtain a complete copy of the no-fault file, workers' compensation file, or other applicable insurance file for any claims made as a result of the prior injury as described above;

D.    PRODUCE copies of any accident and/or occurrence reports over any incident that caused, gave rise, precipitated, or otherwise led to the development of the prior injury described above;

E.    STATE the captions, venues, and index numbers of any actions brought as a result of sustaining the prior injury described above and PRODUCE the following documents from these litigations:

i.    The Summons and Complaint and any Amended and/or Supplemental Summons and Complaint;

ii.    The Bill of Particulars and any Amended and/or Supplemental Bill of Particulars;

iii.    Copies of all medical reports exchanged in the prior litigations;

iv.    Copies of all depositions or otherwise recorded testimony of plaintiff in the prior litigations; and,

v.    Copies of any General Releases and/or Judgments in the prior litigations.

6

[32]    If plaintiff has suffered from any preexisting condition to any portion of his body being claimed as injured in this action, then with respect to any such preexisting condition, state the portion of the body involved and provide the following:

A.    PRODUCE HIPAA compliant authorizations to enable the undersigned to obtain the records of each hospital, institution, or clinic where plaintiff was confined or treated as a result of the preexisting condition described above;

B.    PRODUCE HIPAA compliant authorizations to enable the undersigned to obtain THE COMPLETE OFFICE RECORDS and X-RAYS, CT-SCANS, MRI FILMS, ETC. of any and all doctors and/or therapists who treated examined, or saw plaintiff herein for the preexisting condition described above;

C.    PRODUCE HIPAA compliant authorizations to enable the undersigned to obtain a complete copy of the no-fault file, workers' compensation file, or other applicable insurance file for any claims made as a result of the preexisting condition as described above;

D.    PRODUCE copies of any accident and/or occurrence reports over any incident that caused, gave rise, precipitated, or otherwise led to the development of the preexisting condition described above;

E.    STATE the captions, venues, and index numbers of any actions brought as a result of sustaining the preexisting condition described above and PRODUCE the following documents from these litigations:

i.    The Summons and Complaint and any Amended and/or Supplemental Summons and Complaint;

ii.    The Bill of Particulars and any Amended and/or Supplemental Bill of Particulars;

iii.    Copies of all medical reports exchanged in the prior litigations;

iv.    Copies of all depositions or otherwise recorded testimony of plaintiff in the prior litigations; and,

v.    Copies of any General Releases and/or Judgments in the prior litigations.

[33]    Plaintiff's union records.

[34]    Duly executed and acknowledged written authorizations permitting the undersigned to obtain complete copies of plaintiff's union records.

[35]    Plaintiff's passport, birth certificate, social security care, green card and/or other evidence of his residency status in the United States.


PLEASE TAKE FURTHER NOTICE that the foregoing demand is a CONTINUOUS DEMAND. In the event any of the above items are obtained after service of this demand, they are to be furnished to this office pursuant to this demand.

Dated: New York, New York
       September 10, 2007

By: MAURIZIO SAVOIARDO

Law Offices of
ZAWACKI, EVERETT & GRAY
Attorneys for Defendant
116 John Street, Suite 1214
New York, NY 10038
(212) 732-3377


TO:    LAW OFFICES OF NELLY STOTLAND & ASSOCIATES, P.C.
       Attorneys for Plaintiff
       118-21 Queens Blvd., Suite 404
       Forest Hills, NY 11375
       (718) 261-0133

8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------------X

FRANCISCO COLON JR.,                                     Index No.: 18786/07

                            Plaintiff,

                                                         DEMAND FOR THE
    -against-                                            DOLLAR AMOUNT OF
                                                         DAMAGES CLAIMED
ALBERT FRANCO,

                            Defendant.
-------------------------------------------------------------------------X

        Pursuant to CPLR § 3017(c), defendant hereby demands that plaintiff serve a written

response within fifteen (15) days of the receipt of this demand setting forth the total dollar amount

of damages being claimed by plaintiff for personal injuries in this action.

Dated: New York, New York
        September 10, 2007

                                         By:  MAURIZIO SAVOIARDO

                                         Law Offices of
                                         ZAWACKI, EVERETT & GRAY
                                         Attorneys for Defendant
                                         116 John Street, Suite 1214
                                         New York, NY  10038
                                         (212) 732-3377


TO:    LAW OFFICES OF NELLY STOTLAND & ASSOCIATES, P.C.
       Attorneys for Plaintiff
       118-21 Queens Blvd., Suite 404
       Forest Hills, NY  11375
       (718) 261-0133

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------X

FRANCISCO COLON JR.,                                    Index No.: 18786/07

Plaintiff,

NOTICE TO TAKE DEPOSITION
UPON ORAL EXAMINATION

-against-

ALBERT FRANCO,

Defendant.

------------------------------------------------------------X

Counselors, PLEASE TAKE NOTICE, that pursuant to Article 31 of the Civil Practice Law and rules the testimony, upon oral examination of ALL PARTIES
whose address is

as adverse parties will be taken before a Notary Public
who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity of affinity to any party herein, at the offices of the undersigned, 116 John Street, New York, New York 10038 (212) 732-3377

on the 26ᵗʰ day of October, 2007 at 10 o'clock in the forenoon of that day
with respect to evidence material and necessary in the -- prosecution-defense-- of this action:

All of the relevant facts and circumstances in connection with the accident which occurred on the 13ᵗʰ day of April, 2003, including negligence, contributory negligence, liability and damages.

That the said person to be examined is required to produce at such examination the following:

**ANY AND ALL BOOKS, RECORDS AND/OR MEMORANDA IN YOUR POSSESSION, CUSTODY OR CONTROL RELATING TO THE WITHIN ACTION.**

The circumstances or reasons such notice is sought or required are as follows:

Dated:  New York, New York
          September 10, 2007

By: _____
          MAURIZIO SAVOIARDO
Law Offices of
ZAWACKI, EVERETT & GRAY
Attorneys for Defendant
116 John Street, Suite 1214
New York, NY 10038
(212) 732-3377
Our Ref.: 07-N-667

TO:     LAW OFFICES OF NELLY STOTLAND & ASSOCIATES, P.C.
          Attorneys for Plaintiff
          118-21 Queens Blvd., Suite 404
          Forest Hills, NY  11375
          (718) 261-0133

STATE OF NEW YORK          )
                           ) s.s.:
COUNTY OF NEW YORK         )

ROBYN LORENZO, being duly sworn, deposes and says:

That deponent is not a party to the action, is over 18 years of age and resides in Staten Island, New York.

That on the ~~11th~~ 12th day of September, 2007, deponent served within VERIFIED ANSWER, DEMAND FOR A VERIFIED BILL OF PARTICULARS, DEMAND FOR PRODUCTION, DEMAND FOR THE DOLLAR AMOUNT OF DAMAGES CLAIMED, NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION upon:

LAW OFFICES OF NELLY STOTLAND & ASSOCIATES, P.C.
Attorneys for Plaintiff
118-21 Queens Blvd., Suite 404
Forest Hills, NY 11375
(718) 261-0133

the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

ROBYN LORENZO

Sworn to before me on this
~~11th~~ 12th day of September, 2007

NOTARY PUBLIC

MAURIZIO SAVOIARDO III
Notary Public, State of New York
No. 02SA5032041
Qualified in Suffolk County
Commission Expires Nov 20, 2010

MAURIZIO SAVOIARDO III
Notary Public, State of New York
No. 02SA5032041
Commission Expires                10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------X Index No. *18786/07*

FRANCISCO COLON JR.,

                               Date original Summons
                               and Complaint was filed
                               with the Clerk:

                               Plaintiff designates
                               Bronx County as the
               Plaintiff(s),        place of trial.

                               The basis of the venue
                               is plaintiff's residence

                               <u>SUMMONS</u>

ALBERT FRANCO                  Plaintiff(s) reside at:
                               584 east 167th street,
                               Bronx, NY 10456

               Defendant(s).

------------------------------------------X

*To the above named Defendant(s):*

     ***YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.*

*Dated: August 10, 2007*

                                 *NELLY STOTLAND, ESQ*
                 *Law Offices of Nelly Stotland & Assoc., P.C.*
                     *Attorney for Plaintiff(s)*
                     *118-21 Queens Boulevard*
                     *Forest Hills, New York 11375*
                      *(718) 261-0133*

*Defendant's address(es):*
**Albert Franco**
**2 North Brae Ct**
**TENAFLY, NJ  07670**

FILED
AUG 21 2007
BRONX COUNTY CLERK'S OFFICE

SUPREME COURT: STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------X   INDEX No.:
FRANCISCO COLON JR.,                                    18786/07

                    Plaintiff,                    VERIFIED
      - against -                                 COMPLAINT

ALBERT FRANCO

                    Defendant(s)           **FILED**

                                           AUG 2 1 2007
-----------------------------------------X
                                           BRONX COUNTY CLERK'S OFFICE

      Plaintiff, Francisco Colon, Jr., by his attorney, Nelly

Stotland, sets forth the following upon information and belief as

and for his verified complaint.

      1.   That at all times hereinafter mentioned, plaintiff

Francisco Colon, Jr., was and is a resident of Bronx County in

City and State of New York.

      2.   That at all times hereinafter mentioned plaintiff

Francisco Colon, Jr., was the operator of a motor vehicle bearing

New York State license plate #DAF9213.

      3.   That at all times hereinafter mentioned defendant Albert

Franco, was the operator of a motor vehicle bearing State of New

Jersey license plate #ZU6940.

      4.   That at all times hereinafter mentioned defendant Albert

Franco, was the owner of a motor vehicle bearing State of New

Jersey license plate #ZU6940.

      5.   That at all times hereinafter mentioned defendant,

Albert Franco, operated the aforementioned motor vehicle with the

1

permission and consent of the owner.

6.   That at all times hereinafter mentioned, defendant Albert Franco committed a tortuous act within the State of New York.

7.   That at all times hereinafter mentioned, Hutchinson River Parkway and Bruckner Boulevard were and are public roadways in County of Bronx in the City and State of New York.

8.   That on or about April 13, 2007  while plaintiff was lawfully operating his motor vehicle in aforesaid location, said vehicle was in a collision with the vehicle operated by the defendant Albert Franco.

9.   That as a result of the aforementioned collision, plaintiff Francisco Colon, Jr., sustained serious and permanent bodily injuries.

10.  That the defendant named was reckless, careless and negligent in operating said motor vehicle at a fast, excessive and dangerous rate of speed in view of the circumstances and conditions then existing; in that the defendant driver disregarded traffic signs and signals at and in operation on the aforesaid public roadway; in that the defendant driver failed to be and remain reasonably alert while operating a motor vehicle on the aforesaid public highway; in that the driver failed to observe and/or disregarded traffic and traffic conditions on the aforesaid public highways, in that the defendant driver failed to keep a proper lookout for other motor vehicles including the

2

vehicle which plaintiff was operating at the time of the accident; in that the defendant failed to give any warning horn or other appropriate signals of the manner or operation of the defendant's vehicle; in that the defendant failed to keep the said vehicle operating under reasonable and proper control; in that the defendant's motor vehicle was operated without regard to the safety of other persons lawfully using the aforesaid public highways; in that the defendant driver so negligently and carelessly operated the aforesaid motor vehicle so as to cause it to strike the vehicle in which the plaintiff was in; in that the defendant driver failed to operate said motor vehicle in such a careful, prudent and reasonable manner so as to avoid the aforementioned accident; in that the defendant driver operated said motor vehicle contrary to and in violation of the rules of the road in such cases made and provided colliding with the vehicle plaintiff was in, and the defendant was otherwise reckless, careless and negligent in the ownership, operation, maintenance and control of such motor vehicle.

11.  That said accident was in no way occasioned through any negligence on the part of the plaintiff.

12.  That by reason of the foregoing, the plaintiff became sick, sore, lame and disabled, sustained severe injuries so various parts of plaintiff's body, suffered and will continue to suffer great pain and anguish in body and mind; necessarily received and will continue to receive medical treatment and medicines in an endeavor to be healed of said injuries for which

3

expenses were and will continue to be incurred; that plaintiff was rendered unable to attend to plaintiff's usual work and occupation as plaintiff had theretofore done, and upon information and belief, plaintiff's injuries may be permanent in character.

13.    That plaintiff has sustained a serious injury as defined in subdivision four of section 5102 of the Insurance Law, or economic loss greater than basic economic loss as defined in subdivision one of section 5102 of the Insurance Law.

14.    That limited liability provisions of CPLR §1601 do not apply pursuant to one or more of the exceptions of CPLR §1602.

15.    That by reason of the foregoing, plaintiff Francisco Colon, Jr., has been damaged in a sum exceeding jurisdictional limits of all Courts lower than the Supreme Court, together with costs and disbursements of this action.

**WHEREFORE**, plaintiff Francisco Colon, Jr., demands judgment against the defendant(s) in the amount exceeding jurisdictional limits of all Courts lower than the Supreme Court, together with costs and disbursements of this action.

Dated:  August 10, 2007

_____
NELLY STOTLAND, ESQ.
Law Offices of Nelly Stotland & Associates, P.C.
Attorney for Plaintiff
118-21 Queens Blvd, Suite 404
Forest Hills, New York 11375
(718) 261-0133

4

## *ATTORNEY'S AFFIRMATION*

*STATE OF NEW YORK*
*s.s.*
*COUNTY OF QUEENS*

*Nelly Stotland, being the attorney of record for the plaintiff(s) in the within action states that she has read the foregoing Complaint and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes it to be true. This verification is made by deponent and not by plaintiff(s) since plaintiff(s) reside outside of Queens County where deponent has her office. The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are from conversations with the plaintiff(s) and from correspondence and information in deponent's possession.*

*The undersigned affirms that the foregoing statements are true, under penalties of perjury.*

*Dated: August 10, 2007*

_____
*Nelly Stotland*